**LAW OFFICE OF**
# PETER A. ROMERO

Peter A. Romero
promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

January 18, 2024

**VIA ECF**
Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *Allen Degroat v. Instrument Laboratory Company*
              Docket No.: 23-cv-07490 (KMK)

Dear Judge Karas:

      This firm represents Plaintiff Allen Degroat, who brought the above-referenced matter against Defendant Instrumentation Laboratory Company for alleged violations of New York Labor Law § 191. Defendant filed a motion to dismiss the Complaint or to stay this action, as well as a related motion requesting that the Court take judicial notice of certain documents. D.E. 22-25. Plaintiff's opposition papers to Defendant's motions are currently due on January 22, 2023 and Defendant's reply papers are due on February 13, 2024. Plaintiff writes to request, with Defendant's consent, a two-week extension of time to submit his opposition papers. Plaintiff seeks this extension due to the issuance of new caselaw from the Appellate Division that addresses the central legal issues in Defendant's motion. Specifically, yesterday afternoon, the Appellate Division for the Second Circuit issued its ruling in *Grant v. Global Aircraft Dispatch, Inc.*, Appellate Index No. 2021-03202 (2d Dep't Jan. 18, 2024). Prior to yesterday's decision, the sole on-point Appellate Division decision was *Vega v. CM & Associates Construction Management, LLC*, 176 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019), which has been consistently followed by federal courts since its issuance. The *Grant* decision reached a conclusion that disagrees with *Vega*'s reasoning and result. This new ruling changes the legal landscape and requires different arguments and briefing to properly address it. While Plaintiff's original opposition papers relied on the straight-forward proposition that *Vega* must be followed as the only pertinent New York appellate authority, Plaintiff must now redraft substantial portions of his opposition and conduct additional legal research to properly discuss these disparate rulings, attack the faulty reasoning and conclusions in the *Grant* decision, and prepare a detailed analysis of why the Court of Appeals is likely to follow – therefore why this Court should follow – the *Vega* decision and not yesterday's *Grant* decision. However, due to the timing of the *Grant* decision, and well as the undersigned's current litigation calendar, Plaintiff's counsel is unable to complete the required scope of revisions and legal research necessary by the current deadline for his opposition.[1]

---

[1] Making the timing of this circumstance even more challenging, Plaintiff's counsel is out of the office much of January 19, 2024 for a previously scheduled medical appointment and to handle certain personal matters.

LAW OFFICE OF PETER A. ROMERO PLLC  ·  LABOR AND EMPLOYMENT LITIGATION
490 Wheeler Road, Suite 250, Hauppauge, New York 11788  ·  (631) 257-5588  ·  overtimelawny.com

As a result, Plaintiff requests, with Defendant's consent, an extension of time to submit his opposition to Defendant's motion from January 22, 2024 until February 5, 2024, and also requests a commensurate extension of time for Defendant to submit its reply papers from February 13, 2024 to February 27, 2024. This is Plaintiff's second request for the relief sought herein.

We thank the Court for its kind consideration of this request.

Granted.

So Ordered.

1/19/24

Respectfully submitted,

*David Barnhorn*

DAVID D. BARNHORN, ESQ.

C: All Counsel of Record *via* ECF